IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BARRY BOWMAN,

    Petitioner,

  v.          CASE NO. 11-3197-RDR

LISA HOLLINGSWORTH,

    Respondent.

**O R D E R**

  This matter comes before the court on a petition for a writ of habeas corpus under 28 U.S.C. § 2241, filed pro se by petition while incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN). Having reviewed the record, the court denies the petition.

  Petitioner was convicted in the United States District Court for the Northern District of Oklahoma on his plea of guilty to violating 21 U.S.C. §§ 841(a)(1) and (b)(1). The sentence imposed included a 60 month prison term commencing July 2, 2000. The sentencing court also assessed and adopted a United States Sentencing Guideline (U.S.S.G.) two-point Specific Offense Characteristic Enhancement under § 2D1.1(b)(1) for possession of a weapon. Petitioner filed no direct appeal, and sought no post-conviction relief.

  Petitioner filed the instant action to challenge the execution of his sentence by the Bureau of Prisons (BOP). He states he successfully completed the 9-month Residential Drug Abuse Program (RDAP), and contends the BOP is unlawfully denying him consideration

for a reduction of his sentence under 18 U.S.C. § 3621(e)(2)(B) based upon the § 2D1.1(b)(1) sentencing enhancement.

Section 3621(b) requires the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." Federal inmates who were convicted of a nonviolent offense and who successfully complete a drug abuse program are eligible for a reduction of their sentence of up to one year. 18 U.S.C. § 3621(e)(2)(B). In 2000, BOP adopted a regulation implementing this statute which categorically excluded from early release inmates convicted of a felony that in relevant part involved the possession of a firearm. 28 C.F.R. § 550.58(a)(1)(vi)(2000)(repealed Jan. 14, 2009). As amended in 2009, the regulation continues to categorically exclude from early-release eligibility those inmates whose offense "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives." 28 C.F.R. § 550.55(b)(5)(ii). *See* BOP Program Statement 5331.02, *Early Release Procedure Under 18 U.S.C. § 3621(e),* Section (5)(ii), *Inmates Not Eligible for Early Release*.

To be entitled to habeas corpus relief, petitioner must demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Here, petitioner contends that where there is no violence in his crime of conviction or in his past record, and where he has successfully completed RDAP, he cannot be denied consideration for a § 3621(e)(2)(B) sentence reduction by the mere presence of a U.S.S.G. § 2D1.1 sentencing enhancement. In support of this contention, petitioner relies on *Fristoe v.* Thompson, 144 F.3d 627, 631 (10th

Cir.1998), which prevented BOP facilities within the Tenth Circuit from categorically denying a prisoner eligibility for early release under § 3621(e) based on the prisoner's enhanced sentence under U.S.S.G. § 2D1.1.

Petitioner fails to recognize, however, that the United States Supreme Court subsequently held that § 3621(e)(2)(B) granted the BOP discretion to categorically deny early release eligibility to certain classes of inmates, and that the BOP rule excluding felons in possession of a weapon was a permissible exercise of that discretion.[1] *Lopez v. Davis,* 531 U.S. 230, 244 (2001).

*Lopez* makes clear that once a prisoner completes RDAP, the BOP "has the authority, but not the duty, … to reduce [the prisoner's] term of imprisonment." *Id.* at 241. Petitioner's argument to the contrary has no legal merit, and does not entitle petitioner to any relief under § 2241.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is denied.

Dated:  May 3, 2013               s/  Julie A. Robinson
                                  United States District Judge

---

1 The court also notes that petitioner's reliance on a passage in *Licon v. Ledezma*, 638 F.3d 1303 (10th Cir.2011), is misplaced. The passage quoted by plaintiff is part of that court's recitation of the background surrounding BOP's promulgation of rules to implement the early release provision in § 3621(e). The *Licon* decision goes on to explain the Supreme Court's rejection in *Lopez* of the Tenth's Circuit's reasoning and conclusion in *Fristoe*.